# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENE G. LOPEZ, | ) 1:06 CV 0004 LJO WMW HC |
| Petitioner, | ) FINDINGS AND RECOMMENDATIONS RE MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS |
| v. | ) [Doc. 11] |
| PAUL M. SCHULTZ, | ) |
| Respondent. | ) |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.   The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.  Pending before the court is Respondent's motion to dismiss the petition.

**LEGAL STANDARD**

Writ of habeas corpus relief extends to a person in custody under the authority of the United States.  See 28 U.S.C. § 2241. Writ of habeas corpus relief is available if a federal prisoner can show he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).  Petitioner's claims are proper under 28 U.S.C. § 2241 and not 28 U.S.C. § 2255 because they concern the manner, location, or conditions of the execution of petitioner's sentence and not the fact of petitioner's conviction or sentence. Tucker

v. Carlson, 925 F.2d 330, 331 (9th Cir.1990) (stating that a challenge to the execution of a sentence is "maintainable only in a petition for habeas corpus filed pursuant to 28 U.S.C. § 2241"); Montano-Figueroa v. Crabtree, 162 F.3d 548, 549 (9th Cir.1998) (*per curiam*) (allowing a federal prisoner to use § 2241 to challenge the BOP's restitution policies).

Further, because Petitioner is challenging the execution of his sentence at United States Prison at Atwater and Atwater is within the Eastern District of California, Fresno Division, the court has jurisdiction over this petition. See, Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990).

## DISCUSSION

In this petition, Petitioner contends that the BOP has incorrectly calculated the amount of jail time credit he should receive, failing to give him credit for ten in which he was out on bail. Respondent moves to dismiss this petition on the ground that Petitioner has failed to exhaust his administrative remedies. Petitioner has not responded to the motion.

Before a petitioner may file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, the petitioner must exhaust federal administrative remedies. McCarthy v. Madigan, 503 U.S. 140, 144-45, 112 S.Ct. 1081, 1086-87 (1992); Western Radio Services Co. v. Espay, 79 F.3d 896, 899 (9th Cir. 1996); Martinez v. Roberts, 804 F.2d 570, 571 (9th Cir. 1986). Federal prisons have a specific procedure in place by which a petitioner can present his claims to the prison officials. See Martinez, 804 F.2d at 571 (describing procedure for bringing claims to prison administration); 28 C.R.R. § 542.10 - 19.

In this case, Respondent argues that because Petitioner has not exhausted his administrative remedies, the court should dismiss the petition. Respondent stresses that because of the lack of administrative procedures, the court has no record on which to decide the merits of Petitioner's claim. Respondent explains that requiring Petitioner to exhaust his administrative remedies by presenting his claim to the Bureau of Prisons ("BOP") will allow the BOP to recalculate his credits and determine whether Petitioner is in fact due the credits he claims. If the BOP finds that Petitioner is due these credits, it can make the correction in Petitioner's sentence without any further involvement of the court. If the BOP finds that Petitioner is not due the

credits, Petitioner will still have the option of seeking a remedy in this court.

The court finds Respondent's arguments to be meritorious and concludes that this petition should be dismissed without prejudice to Petitioner's right to return to this court if he does not receive the relief he seeks from the BOP.

Based on the foregoing, IT IS HEREBY RECOMMENDED as follows:

1) Respondent's motion to dismiss be GRANTED;

2) this petition for writ of habeas corpus be DISMISSED without prejudice;

3) the Clerk of the Court be directed to enter judgment for Respondent and to close this case.

These Findings and Recommendation are submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections.  The court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   January 15, 2008**              /s/  **William M. Wunderlich**
                                           UNITED STATES MAGISTRATE JUDGE